**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| VITALIJ VANUSANIK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:20-cv-02839-CEH-TGW |
| | ) | |
| v. | ) | Hon. Charlene Edwards Honeywell |
| | ) | |
| PRICEWATERHOUSE COOPERS LLP AND EXPRESS SCRIPTS, INC., | ) | Dispositive Motion |
| | ) | |
| Defendants. | ) | |

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

Defendant PricewaterhouseCoopers LLP ("PwC") files this Reply in support of its Motion to Dismiss the Amended Complaint with leave of Court. Dkt. 48.

## I. Plaintiff's Arguments Regarding Reformation Cannot Salvage His ERISA Claims

Plaintiff plainly did not seek reformation of the Plan as a remedy. *See* Dkt. 27, Prayer for Relief. In fact, in his 150-paragraph Amended Complaint, Plaintiff mentioned reformation only once—in passing and without elaboration—and buried this reference in the middle of his pleading amidst his many other factual allegations. *See id.* ¶ 97. Yet in his Response Brief, Plaintiff focuses on reformation as the primary remedy he now claims to seek and makes it the cornerstone of Counts I, II, and III. Dkt. 46 at 4-5, 11-13. Such argument fails for multiple reasons.

First, "it is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." *Eiras v. Fla.*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017) (citation omitted).

Second, reformation is not an appropriate remedy here. While the Supreme Court affirmed in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) that reformation *could* be an available remedy under ERISA in certain circumstances—not present here—it has been rarely granted post-*Amara*. Indeed, our research has identified only six cases nationwide since *Amara* in which a participant or beneficiary sought and the court ordered reformation of an ERISA plan. None of those cases arose in the Eleventh Circuit. Further, the six cases involved plaintiffs seeking reformation of a plan whose very terms violated law,[1] an administrator who failed to adhere to ERISA's notice provisions,[2] or a defendant who made materially false, misleading, and incomplete disclosures in connection with the conversion of a pension plan.[3]

Plaintiff does not assert any of those scenarios here. He does not contend that the Plan's terms violate the law, only that he wishes the plan design were different. *See* PwC Opening Br. at 14-16, 18. He does not assert that either defendant failed to comply with ERISA's notice provisions, only that he wishes they

---

[1] *See Yafei Huang v. Life Ins. Co. of N. Am.*, 801 F.3d 892 (8th Cir. 2015) (court reformed plan provision to bring life insurance plan into compliance with Missouri law); *Z.D. ex rel. J.D. v. Grp. Health Co-op.*, 2012 WL 5033422 (W.D. Wash. Oct. 17, 2012) (court reformed plan to omit exclusion that was unlawful under state law); *Laurent v. PricewaterhouseCoopers LLP*, 945 F.3d 739 (2d Cir. 2019) (reformation available where court found "the written terms of a pension plan indisputably violate ERISA"); *Pikas v. Williams Companies, Inc.*, 2013 WL 622234 (N.D. Okla. Feb. 20, 2013) (plan reformed to remedy ERISA violation of COLA payments).

[2] *Frommert v. Conkright*, 913 F.3d 101 (2d Cir. 2019).

[3] *Osberg v. Foot Locker, Inc.*, 862 F.3d 198 (2d Cir. 2017).

provided him more information than ERISA requires. *See id.* at 16-17. And, he does not allege that any materially false, misleading, and incomplete disclosures were made by PwC in the context of a pension plan conversion.

Instead, Plaintiff attacks the design of the Plan (*see* PwC Opening Br. at 14-16) and asks the Court to redesign the Plan to one that he prefers. But reformation is not the remedy for an unsatisfactory plan design, and he cites no authority for any contrary proposition. Furthermore, allowing Plaintiff to reform the Plan to give him a benefit he wishes were provided—here, the right to choose where to get his medications—opens the door to allowing thousands of participants to demand their own preferred Plan design changes. Such a "build your own plan" approach would result in thousands of individualized plans, an untenable outcome that would ultimately discourage employers from offering ERISA benefit plans.

Plaintiff's belated argument regarding reformation cannot defeat PwC's motion to dismiss.

## II. Plaintiff's Arguments Regarding Count IV Fail

Plaintiff's Count IV asserting violation of Section 504 of the Rehabilitation Act fails because, among other reasons, Plaintiff does not adequately plead that PwC receives "federal financial assistance" within the meaning of the Rehabilitation Act. (PwC Opening Br. at 20-22.) Plaintiff argues in his response that the SPD "evidences that Plan members can have dual enrollment in the Plan and Medicare and requires enrollment in Medicare to maintain plan status in certain instances," and further contends that these provisions "evidence receipt of

federal funds." Resp. at 17. This belated assertion does not rescue Count IV for several reasons.

First, these allegations appear nowhere in the Amended Complaint and, as discussed above, a party cannot amend his pleading through argument in a brief opposing dismissal. *Eiras*, 239 F. Supp. 3d at 1342.

Second, the Plan is a separate legal entity from PwC and is not a party to this lawsuit. *See, e.g.*, *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992) ("An ERISA plan is a separate legal entity from its sponsor") (citing 29 U.S.C. § 1132(d)). Therefore, an allegation that the Plan—but not PwC—receives federal financial assistance is legally insufficient.

Third, even if these new allegations were taken as true, they still do not plausibly establish that PwC is a recipient of "federal financial assistance" as that term is used in the Rehabilitation Act. Plaintiff's allegation suggests—at most—that the Plan benefits from Medicare in the form of potentially lower costs for dual-enrolled members. However, the Supreme Court has held that "Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance," "but [Section 504] does not extend as far as those who benefit from it." *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605, 607 (1986). Indeed, while "most federal financial assistance has 'economic ripple effects,'" the Supreme Court "rejected the argument that those indirect economic benefits can trigger statutory coverage," reasoning that application of § 504 to all who benefit economically from federal assistance would yield almost "limitless coverage." *Id.*

at 607-08. *See also Sw. Fair Hous. Council v. WG Scottsdale LLC*, 2021 WL 857372, at *6 (D. Ariz. Mar. 8, 2021) ("The scope of Section 504 is limited to those who actually receive federal financial assistance. Congress intended that a program or operation may avoid the non-discrimination requirements of the Rehabilitation Act . . . by opting out of receiving federal funding. Entities that merely benefit from federal funding, without actually receiving it, are not subject to the Rehabilitation Act.") (internal citations and punctuation omitted).

Here, Plaintiff's newly-asserted argument suggests, at most, that the Plan merely benefits from the ripple effects of federal funding; there is no allegation of its actual *receipt* of federal funds. His argument that the Plan is a "recipient" of federal financial assistance, once removed, is both factually and legally unprecedented. Therefore, Count IV fails.

Dated: May 4, 2021 Respectfully submitted,

By: */s/ Peter W. Zinober*

Peter W. Zinober
Florida Bar No. 121750
S. Kathleen Massing
Florida Bar No. 722219
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
100 N Tampa St., Suite 3600
Tampa, FL 33602-5867
T: (813) 289-1247
F: (813) 289-6530
peter.zinober@ogletree.com
kathleen.massing@ogletree.com

Stephen Sheinfeld (*pro hac vice forthcoming*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
ssheinfe@winston.com

Aviva Grumet-Morris *(admitted pro hac vice)*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
T: (312) 558-5600
F: (312) 558-5700
agmorris@winston.com

*Attorneys for PricewaterhouseCoopers LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2021, a copy of the foregoing was filed via CM/ECF and was thereby served upon all counsel of record, including:

Morgan Swing
Harvey W. Gurland, Jr.
Duane Morris, LLP
201 S Biscayne Blvd Ste 3400
Miami, Florida 33131-2318

Shari Gerson
GrayRobinson, P.A.
401 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 33301

*/s/Peter W. Zinober*
*Counsel for Defendants*