**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| VITALIJ VANUSANIK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:20-cv-02839-CEH-TGW |
| | ) | |
| v. | ) | Hon. Charlene Edwards Honeywell |
| | ) | |
| PRICEWATERHOUSECOOPERS | ) | |
| LLP AND EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EXPRESS SCRIPTS, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

## I. Plaintiff's Belated Request for Reformation Fails.

In its motion to dismiss, Express Scripts demonstrated that the purported "benefit" Plaintiff seeks – the ability to fill his prescription at his pharmacy of choice – is not available under the Plan. Dkt. 39 at 4-7, 11-15. Plaintiff's Opposition barely addresses Defendant's arguments, and concedes that the Plan terms do not allow him to fill his prescription elsewhere. Dkt. 46 at p. 3 (stating that "enforcement of the express terms of the Plan will not allow Vanusanik to recover the benefit to which he is entitled"). Instead, Plaintiff all but abandons his claim for the Court to *enforce* the Plan, and now asks the Court to *reform* the Plan to allow him to use another pharmacy.

While Plaintiff relies upon the old maxim that "equity suffers not a right to be without a remedy," he does not identify any right that he's been denied. In other words, Plaintiff now asks the Court to find he has pled an actionable remedy *even*

*though he has not pled an actionable wrong*. Plaintiff's new request for equitable relief as a remedy puts the cart before the horse, as there can be no remedy when he has not alleged a plausible claim for any violation of ERISA or the Plan.

Significantly, Plaintiff has not alleged any "Benefit" under the Plan that he was denied. The Plan defines "**Benefits**" as "Plan payments for Covered Health Services, subject to the terms and conditions of the Plan . . ." SPD (ECF 27-1),[1] at 132. Plaintiff does not allege these Benefits (e.g., "Plan payments") were denied. Instead, he complains about the timeliness of receipt of his prescriptions or the care he received – but these are not "Benefits" guaranteed under the Plan.

In *Amara*, the Supreme Court held that ERISA § 502(a)(1)(B) only allows the Court to enforce plan terms and does not allow the Court to reform the plan. 562 U.S. at 435-36 ("Where does § 502(a)(1)(B) grant a court the power to *change* the terms of the plan as they previously existed? The statutory language speaks of *"enforc[ing]* the 'terms of the plan,' not of *changing* them."). The Court also addressed § 502(a)(3), which provides for "*appropriate equitable relief*' to redress violations of (here relevant) parts of ERISA 'or the terms of the plan.'" *Id.* at 438 (citing 29 U.S.C. § 1132(a)(3)). The Court held that reformation might be available

[1] The SPD is the Plan document. The SPD states that it "serves as the Plan document" for the Staff Medical Plan component of PwC's health benefits plan. ECF 27-1 at p. 1. Plaintiff's cite to *Cigna v. Amara,* 562 U.S. 421 (2011), to imply the SPD is not the Plan document is misplaced, because *"Amara* does not address situations where a summary document is the *only* plan document." *Jenkins v. Grant Thornton LLP*, No. 0:13-CV-60957, 2015 WL 349275, at *1 (S.D. Fla. Jan. 23, 2015), *aff'd,* 667 F. App'x 754 (11th Cir. 2016). The SPD is the governing Plan document where, as here, it is the only written instrument that "sets out the terms that govern the benefits available under the Plan and control the rights and obligations of the parties." *Publix Super Market, Inc. v. Figareau*, No. 8:19-CV-545-T-27AEP, 2019 WL 2635747, at *1 and n. 2 (M.D. Fla. June 27, 2019) (citing cases).

to redress violations of ERISA. *Id*. However, ERISA does not provide for equitable relief at large but, rather, equitable relief to remedy violations of ERISA or the plan. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (§502(a)(3) offers "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy"). For example, in *Prolow v. Aetna Life Ins. Co.*, No. 20-80545-CIV, 2021 WL 24712, at *1, *5, n. 10 (S.D. Fla. Jan. 4, 2021), the court held that a claim labeled "claim for appropriate equitable relief" must be dismissed, because it "is essentially a claim of remedies, [and] should not be a stand-alone claim."

As such, reformation of the Plan is not available as a remedy for a denial of benefits under § 502(a)(1)(B), and Plaintiff's belated request for reformation as a remedy under § 502(a)(3) does not create a claim when Plaintiff has not plausibly alleged that Defendants violated any term of ERISA or the Plan.

**II. Plaintiff Fails to State a Claim Under the Rehabilitation Act.**

The Rehabilitation Act only applies to a "program or activity receiving Federal financial assistance," and Plaintiff's bare allegation that Defendants "are in receipt of federal funds" is not sufficient to plead a plausible claim that the Rehabilitation Act applies. Dkt. 39 at 19-22. In his Opposition, Plaintiff asserts that he has pled this requirement because the SPD states that Plan members can have dual enrollment in the Plan and Medicare. Dkt. 46 at 16-17. Even if Plaintiff could save his pleading by relying upon portions of the SPD that he did not even cite in his Complaint, these provisions he now relies upon are inapplicable.

The fact that a Plan member may also be enrolled in Medicare has nothing

to do with whether Express Scripts received federal funds, because any Medicare payments would not be received by Express Scripts. Rather, if a participant's claims are covered by Medicare, his or her medical costs would be paid by Medicare **to the health care providers** for their services. The case cited by Plaintiff, *Nash v. Medina*, 6:09-cv-382, 2009 WL 1513525 (M.D. Fla. May 27, 2006) is thus inapplicable because defendant was a doctor who received payment from Medicare.

Even if some participants (not Plaintiff) had their claims paid to providers by Medicare, there would be no receipt of federal funds by the Plan, PwC, or Express Scripts – much less "federal financial assistance" under the Rehabilitation Act, which requires that "the government intended to give the defendant a subsidy." *Shotz v. Am. Airlines, Inc.*, 420 F.3d 1332, 1335 (11th Cir. 2005).

Plaintiff asserts that he is entitled to discovery to learn whether or not Defendants received any federal financial assistance. Dkt. 46 at 17. However, Plaintiff does not get across the threshold to discovery, because he has not pled any facts making it plausible that either Defendant received federal financial assistance.[2] "To survive a motion to dismiss, a complaint must contain factual

[2] The cases cited by Plaintiff misstate the standard. Dkt. 46 at 17. Plaintiff cites to *Upfitters, L.L.C. v. Brookings*, 2020 WL 954984 (M.D. Fla. Feb. 27, 2020), but he omitted through ellipses the part of the quotation where the court stated plaintiff can "'*plead[] facts alleged upon information and belief*' where the facts are peculiarly within the possession and control of the defendant." *Id.* at *6 (emphasis added). Here, Plaintiff has not pled *any* facts, whether on information and belief or otherwise. Plaintiff also cites to *Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc.*, 429 F. Supp.2d 1265 (M.D. Fla. 2004), *aff'd* 171 F. App'x 831 (11th Cir. 2006) for the proposition that it suffices to allege "inferential allegations." But that case – which was decided before *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) – cited to the former standard of *Conley v. Gibson*, 335 U.S. 51 (1957), which the Supreme Court expressly abrogated in *Twombly*.

allegations that raise a reasonable expectation that discovery will reveal evidence in support of the claim and that plausibly suggest relief is appropriate." *United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, No. 8:14-CV-211-T-30MAP, 2014 WL 5420801, at *1 (M.D. Fla. Oct. 22, 2014) (citation and quotations omitted) (emphasis added). Plaintiff pled no such "factual allegations" in his Amended Complaint, and his conclusory assertions and speculation based upon the appearance of the word "Medicare" in the SPD do not entitle him to discovery to see whether he can find facts that might give rise a claim.

In *Iqbal*, the Supreme Court held that the Federal Rules do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-79. The "facts necessary to state a cause of action must be stated in the complaint and [] a plaintiff should not be allowed to file a suit and then conduct discovery to see if he, in fact, has a case," as discovery is "not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact." *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011) (citation and quotations omitted).

Dated: May 4, 2021

By: */s/ Shari Gerson*

Shari Gerson
Florida Bar No. 17035
GRAYROBINSON, P.A.
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112
Shari.gerson@gray-robinson.com

Kyle P. Seelbach (admitted *pro hac vice*)
Mohsen Pasha (admitted *pro hac vice*)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1550
kyle.seelbach@huschblackwell.com
mohsen.pasha@huschblackwell.com

*Attorneys for Defendant*
*Express Scripts, Inc.*

.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing document to be electronically served through the Court's CM/ECF system on all users registered with that system on May 4, 2021.

*/s/ Shari Gerson*

#44193331 v1